FILED
MIAMI COUNTY
COMMON PLEAS COURT

23 AUG 10 AM 9:59

SHAWN M. PEEPLES
CLERK OF COURTS

**IN THE COURT OF COMMON PLEAS**
**MIAMI COUNTY, OHIO**

| | |
|---|---|
| **JASON HARRALL**<br>6813 State Route 721<br>West Milton, OH 45383<br><br>Plaintiff,<br><br>v.<br><br>**ALLSTATE INDEMNITY COMPANY**<br>3075 SANDERS ROAD, SUITE H1A<br>NORTHBROOK, ILLINOIS<br>60062-7127<br><br>and<br><br>**ALLSTATE INSURANCE SERVICES, INC.**<br>Serve: CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>and<br><br>**ALLSTATE INSURANCE COMPANY**<br>c/o Thomas J Wilson, Chairman<br>2775 Sanders Rd<br>Northbrook, IL 60062<br><br>Defendants. | Case No.: **23-316**<br><br>Judge: **STACY M. WALL, JUDGE** |

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Jason Harrall, by and through the undersigned counsel, and states his Complaint against Defendants Allstate Indemnity Company, Allstate Insurance Services, Inc., and Allstate Insurance Company as follows:

## I. PRELIMINARY STATEMENT

1. This case, which arises under Ohio contract and tort law, stems from the willful failure of Defendants Allstate Indemnity Company, Allstate Insurance Services, Inc., and Allstate Insurance Company (hereinafter referred to collectively as "Allstate") to indemnify its policyholder, Plaintiff Jason Harrall, for property damage caused by a hailstorm and/or damaging winds on or about November 11, 2021.

2. Plaintiff alleges that Defendant Allstate violated Ohio law by: (1) breaching the terms of the insurance contract between the parties; and (2) failing to act in good faith in carrying out its duties under that contract and/or making coverage decisions pursuant to that contract.

3. Plaintiff seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for his economic injuries, punitive damages for Allstate's conscious disregard for Plaintiff's rights under the contract, as well as reasonable attorney fees, costs, and any further relief warranted in law or equity.

## II. THE PARTIES

4. Plaintiff Jason Harrall resides at 6813 State Route 721, West Milton, Miami County, Ohio 45383 ("the subject property") and has so resided at all relevant times herein.

5. Plaintiff insured the subject property through a homeowner's insurance policy with Defendant Allstate.

6. Defendant Allstate is a corporation licensed to conduct business in the State of Ohio. Allstate issued a homeowner's insurance policy to Plaintiff covering, among other things, loss and/or damage to physical structures on the subject property. That policy was in effect on or about November 11, 2021.

### III. JURISDICTION AND VENUE

7. Jurisdiction is properly invoked in Miami County, Ohio, because this case arises out of a homeowner's insurance contract covering property located in West Milton, Ohio, and the amount in controversy exceeds $25,000.

8. Pursuant to Ohio Civ. R. 3(C)(3) and (6), venue with this Court is appropriate because Defendant Allstate contracted to insure property located in Miami County, Ohio, and because the circumstances giving rise to this action occurred within Miami County, Ohio.

### IV. STATEMENT OF FACTS

9. The subject property, located at 6813 State Route 721, West Milton, Miami County, Ohio 45383, was (and still is) owned by the Plaintiff, Jason Harrall, and the subject property is used as his primary residence.

10. On or about November 11, 2021, damaging winds and/or a hailstorm caused substantial structural damage to the residence, including its roof, siding, and gutters.

11. Pursuant to the terms of the homeowner's insurance policy between the parties which was in effect at the time of the loss, Plaintiff promptly notified Defendant Allstate of the damage to the building caused by the storm and requested indemnification for necessary repairs and replacements.

12. Plaintiff fully cooperated in the investigation of its claim under the policy, including, among other things, soliciting a quote to repair the damage from a reputable

local roofing and remodeling company, submitting that quote to Allstate, and participating in all relevant interviews and inspections.

13. Notwithstanding the fact that Plaintiff satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the policy, Defendant Allstate denied and/or significantly undervalued Plaintiff's claim. In doing so, Defendant failed to conduct a reasonable investigation of the loss, failed to timely and properly process Plaintiff's claim, failed to make coverage decisions pursuant to the plain language of the contract, and/or otherwise unreasonably failed to indemnify Plaintiff for the covered loss.

14. Defendant Allstate's failure to reasonably and timely indemnify Plaintiff for property damage related to the covered loss proximately caused significant economic damage to Plaintiff and was committed intentionally, maliciously, and/or with a conscious disregard for Plaintiff's rights under the contract.

### V. STATEMENT OF THE CLAIMS

### Count 1: Breach of Contract

15. Plaintiff incorporates paragraphs 1-14 as if fully rewritten herein.

16. Pursuant to the express terms of the written homeowner's insurance policy Defendant Allstate issued to Plaintiff, the hail and/or wind damage to the residence's structure that occurred on or about November 11, 2021, constitutes a covered loss for which Allstate was responsible for indemnifying Plaintiff.

17. Defendant Allstate's refusal to timely and fully indemnify Plaintiff for the aforementioned covered loss constitutes a breach of contract under Ohio law.

18. As a direct and proximate result of Defendant Allstate's material breach of the homeowner's insurance contract, Plaintiff has sustained damages in an amount to be determined at trial, but not less than twenty-five thousand dollars ($25,000.00).

4

## Count 2: Breach of Contract (Good Faith and Fair Dealing)

19. Plaintiff incorporates paragraphs 1-18 as if fully rewritten herein.

20. In purchasing a homeowner's insurance policy to shield it from liability from property damage caused by covered events such as wind and hail storms, Plaintiff reasonably and justifiably relied on Allstate to fully and timely indemnify him for damages caused by such losses.

21. Defendant Allstate owed Plaintiff an implied duty of good faith and fair dealing in carrying out its duties pursuant to the insurance policy between the parties.

22. Defendant Allstate breached its duty of good faith and fair dealing, by, *inter alia,* engaging in the following acts or omissions:

   (a) failing to promptly and reasonably adjust and pay the Plaintiff's claim;
   (b) failing to establish a reasonable justification for the denial of the Plaintiff's claim;
   (c) taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claim;
   (d) failing to properly inspect the site of the loss and to adequately and properly investigate the claim, with the wrongful intent to deny the Plaintiff's claim from its inception;
   (e) failing to properly analyze the cause of the loss and/or the applicable coverage;
   (f) failing to properly review the analysis contained in any reports related to the loss in its possession;
   (g) failing to properly review the available evidence related to the loss;
   (h) failing to perform a good faith analysis of the loss;
   (i) failing to prepare a good faith estimate of damages caused by the loss;
   (j) refusing Plaintiff's reasonable requests for information;

(k) failing to indemnify the Plaintiff for his losses and damages within a reasonable period of time;

(l) failing to properly train, supervise and/or instruct its adjusters and/or agents;

(m) failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

(n) failing to timely provide sufficient funds for the repairs and replacement of the subject property;

(o) failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff in accordance with the governing policy of insurance;

(p) failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance;

(q) acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

(r) engaging in other wrongful acts or omissions to be shown at trial on the merits.

23. Defendant Allstate's violation of the implied duty of good faith and fair dealing constitutes a breach of contract under Ohio law.

24. As a direct and proximate result of Defendant Allstate's material breach of the insurance contract, Plaintiff has sustained damages in an amount to be determined at trial, but not less than twenty-five thousand dollars ($25,000.00).

### COUNT 3: Bad Faith

25. Plaintiff incorporates paragraphs 1-24 as if fully rewritten herein.

26. As an insurer, Defendant Allstate had a duty to act in good faith in the handling and payment of the claims of its insured.

6

27. Defendant Allstate's willful refusal to promptly and reasonably handle Plaintiff's property damage claim and/or willful refusal to timely and reasonably indemnify Plaintiff for the covered property damage was not predicated upon circumstances that furnish reasonable justification therefor.

28. Defendants' aforementioned arbitrary and capricious handling of Plaintiff's property damage claim and its willful refusal to indemnify Plaintiff constitutes bad faith under Ohio law.

29. As a direct and proximate result of Defendant Allstate's bad faith conduct, Plaintiff has been damaged in an amount to be determined at trial, but not less than twenty-five thousand dollars ($25,000.00).

30. The bad faith conduct of Defendant Allstate in processing Plaintiff's property damage claim has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of punitive damages or exemplary damages.

## **CLAIM FOR RELIEF**

**Wherefore**, Plaintiff, Jason Harrall, by and through counsel, demands the following relief:

1. Judgment against Defendants Allstate Indemnity Company, Allstate Insurance Services, Inc., and Allstate Insurance Company for the full value of the losses and damages caused by the damaging winds and/or hailstorm at the subject property on or about November 11, 2021, in an amount to be determined at trial, but not less than twenty-five thousand dollars ($25,000).

2. Judgment against Defendants Allstate Indemnity Company, Allstate Insurance Services, Inc., and Allstate Insurance Company for an award of punitive damages in an amount to be determined at trial;

3. An award of reasonable attorney's fees and costs incurred in the prosecution of this action;

4. An award of pre-judgment interest; and

5. Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/ Susan Butler, Esq.*
Susan Butler, Esq. (OH No. 0082811)
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
Phone: (513) 444-4444
Fax: (513) 721-5557
E-mail: sbutler@maislinlaw.com

*Trial Attorney for Plaintiff Jason Harrall*

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

*/s/ Susan Butler, Esq.*
Susan Butler, Esq. (OH No. 0082811)
Jason Harrall
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
Phone: (513) 444-4444
Fax: (513) 721-5557
E-mail: sbutler@maislinlaw.com

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

*/s/ Susan Butler, Esq.*
Susan Butler, Esq. (OH No. 0082811)
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
Phone: (513) 444-4444
Fax: (513) 721-5557
E-mail: sbutler@maislinlaw.com