UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JASON HARRALL,

    Plaintiff,

vs.

ALLSTATE INDEMNITY
COMPANY, *et al.*,

    Defendants.

Case No. 3:23-cv-262

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DIRECTING THE PARTIES TO MEET AND CONFER AND FILE THEIR FED. R. CIV. P. 26(f) REPORT ON THE COURT'S DOCKET BY JANUARY 29, 2024; (2) DIRECTING THE PARTIES TO SERVE THEIR INITIAL DISCLOSURES BY JANUARY 22, 2024; AND (3) DIRECTING THE PARTIES TO SHOW CAUSE WHY THE COURT SHOULD NOT IMPOSE SANCTIONS FOR THEIR FAILURE TO COMPLY WITH THE COURT'S INITIAL ORDER TO MEET AND CONFER AND FILE THEIR FED. R. CIV. P. 26(f) REPORT (Doc. No. 7)**

---

    This case is before the Court on both parties' failure file their Fed. R. Civ. P. 26(f) report. The Court ordered the parties to meet and confer and file their Rule 26(f) report by November 13, 2023. Doc. No. 7. To date, no Rule 26(f) report has been filed.

    Accordingly, the Court **ORDERS** the parties, pursuant to Fed. R. Civ. P. 16 and Fed. R. Civ. P. 26(f), to informally confer in good faith and prepare a joint report as required by Fed. R. Civ. P. 26(f).[1] The parties' Rule 26(f) report shall be filed with the Court **by January 29, 2024**. Unless otherwise agreed to by the parties in their Rule 26(f) Report, initial disclosures must be made as required by Rule 26(a)(1). Rule 26(a)(1) initial disclosures must be served upon all parties in the case **by January 22, 2024** and should not be filed with the Court unless submitted in support

---

[1] A form Rule 26(f) Report of the Parties (applicable to the Western Division at Dayton) is accessible on the Court's website at http://www.ohsd.uscourts.gov/ohio-southern-district-forms.

of a motion.  After the parties file their Rule 26(f) report, the Court intends to put on a scheduling order.  Subsequently, the Court will formally refer this matter to the United States Magistrate Judge during the pendency of discovery.

Because the parties have failed to comply with the Court's initial order as explained above, they are both **ORDERED TO SHOW CAUSE**, in writing and **by January 29, 2024**, why the Court should not impose sanctions.  *See* Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f) . . . , the court where the action is pending may issue further just orders").  The parties are **ADVISED** that their failure to show good cause for the noncompliance with the Court's initial meet and confer order or this order may result in sanctions.  Fed. R. Civ. P. 37(b)(2)(A).

    **IT IS SO ORDERED.**

  January 8, 2024                                     s/Michael J. Newman
                                                                  Hon. Michael J. Newman
                                                                   United States District Judge