UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JASON HARRALL,

    Plaintiff

vs.

ALLSTATE VEHICLE AND
PROPERTY INSURANCE
COMPANY, *et al.*,

    Defendants.

Case No. 3:23-cv-262

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING PLAINTIFF'S UNOPPOSED MOTION TO REMAND THIS CASE TO STATE COURT (Doc. No. 37); (2) REMANDING THE CASE TO THE CIVIL DIVISION OF THE COURT OF COMMON PLEAS FOR MIAMI COUNTY, OHIO; (3) DENYING ALL PENDING MOTIONS AS MOOT (Doc. No. 38); AND (4) TERMINATING THE CASE ON THE COURT'S DOCKET**

---

Plaintiff Jason Harrall initiated this case in the Civil Division of the Court of Common Pleas for Miami County, Ohio.  Doc. No. 1-2 at PageID 6.  On September 7, 2023, Defendants Allstate Indemnity Company, Allstate Insurance Services, Inc., and Allstate Insurance Company removed the case to this Court, asserting diversity jurisdiction under 18 U.S.C. § 1332(a).[1]  *Id.*; *see* 28 U.S.C. § 1441(a).

This case is presently before the Court upon Plaintiff's unopposed motion to remand this case to state court.  Doc. No. 37.  Before filing the motion to remand, Plaintiff's counsel conferred with Defendant Allstate Vehicle and Property Insurance Company's counsel and learned that Defendant does not oppose the motion to remand.  *Id.* at PageID 214.  In his motion, Plaintiff "stipulates that he is not seeking and will not accept damages totaling more than $75,000 in this

---

[1] On February 6, 2024, Plaintiff amended his complaint to substitute Defendant Allstate Vehicle and Property Insurance Company as the sole Defendant in this case.  *See* Doc. No. 22; *see also* Doc. No. 20.

action." Doc. No. 37-1 at PageID 217. Additionally, Plaintiff clarified that the "[s]tipulation is intended to be unequivocal and binding on Plaintiff in this and any state court[.]" *Id.*

Based upon the Court's review of the record, in addition to Plaintiff's unopposed motion, the Court finds the amount-in-controversy requirement of diversity jurisdiction is not met. *See Stryker Emp. Co., LLC v. Abbas*, 60 F.4th 372, 380-81 (6th Cir. 2023). The Court therefore (1) **GRANTS** as unopposed Plaintiff's motion to remand this case to state court due to lack of subject matter jurisdiction; (2) **REMANDS** this case to the Civil Division of the Court of Common Pleas for Miami County, Ohio; (3) **DENIES** as moot all pending motions (Doc. No. 38); and (4) **TERMINATES** the case on the docket.

    **IT IS SO ORDERED.**

April 29, 2025                                                      s/*Michael J. Newman*
                                                                           Hon. Michael J. Newman
                                                                           United States District Judge